JUDGE MARRERO   10 CV 2192

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JASON MORANO, AVIN SAMTANI, KYLE
O'KEEFE, MUNIRAM BOODRAM, JOHN
YURKOVICH, JODI RICCIARDI, MATTHEW
PUCCIO, and JEREMY LASACCO, Individually,
and on Behalf of All Others Similarly Situated,

               Plaintiffs,

    -against-

INTERCONTINENTAL CAPITAL GROUP, INC.,
RICHARD STEINBERG, ROBERT TUZZO,
KOLA LULGJURAJ, CRAIG BOBROY, and
DUSTIN DIMISA,

               Defendants.
-------------------------------------------------------------------X

Civil Action No.:



## CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

The Plaintiffs, Jason Morano, Avin Samtani, Kyle O'Keefe, Muniram Boodram,

John Yurkovich, Jodi Ricciardi, Matthew Puccio, and Jeremy Lasacco (hereinafter

"Plaintiffs"), individually and on behalf of all others similarly situated, by and through

their undersigned counsel, as and for their Complaint against the Defendants,

Intercontinental Capital Group, Inc. (hereinafter "Intercontinental"), Richard Steinberg

(hereinafter "Steinberg"), Robert Tuzzo (hereinafter "Tuzzo"), Kola Lulgjuraj

(hereinafter "Lulgjuraj"), Craig Bobroy (hereinafter "Bobroy"), and Dustin Dimisa

(hereinafter "Dimisa") allege as follows:

### JURISDICTION AND VENUE

1.     Plaintiffs bring this action under the Fair Labor Standards Act (hereinafter

the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19 and the

New York Codes, Rules, and Regulations §§ 138-2.1, 142-2.2, 142-2.4 (hereinafter the

"New York Labor Articles") to recover unpaid minimum wages, overtime compensation, spread of hours pay, and for other relief. This action is brought as a nationwide collective action pursuant to 29 U.S.C. §216(b) and as a state-law class action under Fed. R. Civ. P. 23(b)(3).

2.      Jurisdiction over Plaintiffs' FLSA claims is based upon Section 16(b) of the FLSA, 29 U.S.C. §16(b), and upon 28 U.S.C. §1331.

3.      The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Plaintiff Morano is a former loan officer who was employed by Defendants and who has been subjected to Defendants' illegal compensation practices.

6.      Morano was employed by Defendants as a loan officer in New York County, New York within the last three years.

7.      Pursuant to 29 U.S.C. §216(b) of the FLSA, Morano's written consent to become a party plaintiff is attached hereto as Exhibit "A."

8.      Plaintiff Samtani is a former loan officer who was employed by Defendants and who has been subjected to Defendants' illegal compensation practices.

9.      Samtani was employed by Defendants as a loan officer in New York, County, New York within the last three years.

2

10. Pursuant to 29 U.S.C. section 216(b) of the FLSA, Samtani's written consent to become a party plaintiff is attached hereto as Exhibit "B."

11. Plaintiff O'Keefe is a former loan officer who was employed by Defendants and who has been subjected to Defendants' illegal compensation practices.

12. O'Keefe was employed by Defendants as a loan officer in New York County, New York within the last three years.

13. Pursuant to 29 U.S.C. section 216(b) of the FLSA, O'Keefe's written consent to become a party plaintiff is attached hereto as Exhibit "C."

14. Plaintiff Boodram is a former loan officer who was employed by Defendants and who has been subjected to Defendants' illegal compensation practices.

15. Boodram was employed by Defendants as a loan officer in New York County, New York within the last three years.

16. Pursuant to 29 U.S.C. section 216(b) of the FLSA, Boodram's written consent to become a party plaintiff is attached hereto as Exhibit "D."

17. Plaintiff Yurkovich is a former loan officer who was employed by Defendants and who has been subjected to Defendants' illegal compensation practices.

18. Yurkovich was employed by Defendants as a loan officer in New York County, New York within the last three years.

19. Pursuant to 29 U.S.C. section 216(b) of the FLSA, Yurkovich's written consent to become a party plaintiff is attached hereto as Exhibit "E."

20. Plaintiff Ricciardi is a former loan officer who was employed by Defendants and who has been subjected to Defendants' illegal compensation practices.

21.    Ricciardi was employed by Defendants as a loan officer in New York County, New York within the last three years.

22.    Pursuant to 29 U.S.C. section 216(b) of the FLSA, Ricciardi's written consent to become a party plaintiff is attached hereto as Exhibit "F."

23.    Plaintiff Puccio is a former loan officer who was employed by Defendants and who has been subjected to Defendants' illegal compensation practices.

24.    Puccio was employed by Defendants as a loan officer in New York County, New York within the last three years.

25.    Pursuant to 29 U.S.C. section 216(b) of the FLSA, Puccio's written consent to become a party plaintiff is attached hereto as Exhibit "G."

26.    Plaintiff Lasacco is a former loan officer who was employed by Defendants and who has been subjected to Defendants' illegal compensation practices.

27.    Lasacco was employed by Defendants as a loan officer in New York County, New York within the last three years.

28.    Pursuant to 29 U.S.C. section 216(b), Lasacco's written consent to become a party plaintiff is attached hereto as Exhibit "H."

29.    Defendant Intercontinental is a domestic corporation duly organized under the laws of the State of New York with a place of business located in New York County.

30.    Intercontinental provides mortgage banking and broker services to consumers in New York State and elsewhere.

31.    At all relevant times, Intercontinental has been an employer under the FLSA and the New York Labor Articles.

32.    At all relevant times, Defendant Steinberg was the Chief Executive Officer of Intercontinental. Upon information and belief, at all times relevant, Steinberg exercised operational control over Intercontinental, controlled significant business functions of Intercontinental, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Intercontinental in devising, directing, implementing, and supervising the wage and hour practices and policies relating to Intercontinental loan officers challenged in this Complaint. As such, at all relevant times, Steinberg has been an employer under the FLSA and the New York Wage and Hour Law.

33.    At all relevant times, Defendant Bobroy was the Managing Director of Intercontinental. Defendant Bobroy exercised operational control over Intercontinental, controlled significant business functions of Intercontinental, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Intercontinental in devising, directing, implementing, and supervising the wage and hour practices and policies relating to Intercontinental loan officers challenged in this Complaint. As such, at all relevant times, Craig Bobroy has been an employer under the FLSA and the New York Wage and Hour Law.

34.    At all relevant times, Defendant DiMisa was the President of Intercontinental. Defendant DiMisa exercised operational control over Intercontinental, controlled significant business functions of Intercontinental, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Intercontinental in devising, directing, implementing, and supervising the wage and hour practices and policies relating to Intercontinental loan officers challenged in this

Complaint. As such, at all relevant times, DiMisa has been an employer under the FLSA and the New York Wage and Hour Law.

35. At all relevant times, Defendant Turzo was the Senior Vice President of Intercontinental. Defendant Turzo exercised operational control over Intercontinental, controlled significant business functions of Intercontinental, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Intercontinental in devising, directing, implementing, and supervising the wage and hour practices and policies relating to Intercontinental loan officers challenged in this Complaint. As such, at all relevant times, Turzo has been an employer under the FLSA and the New York Wage and Hour Law.

36. At all relevant times, Defendant Lulgjuraj was the Executive and Human Resources Director of Intercontinental. Defendant Lulgjuraj exercised operational control over Intercontinental, controlled significant business functions of Intercontinental, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Intercontinental in devising, directing, implementing, and supervising the wage and hour practices and policies relating to Intercontinental loan officers challenged in this Complaint. As such, at all relevant times, Lulgjuraj has been an employer under the FLSA and the New York Wage and Hour Law.

37. This Court has personal jurisdiction over each Defendant under N.Y.C.P.L.R. §§ 301 and 302 as a result of the following during the relevant time period:

(a) Intercontinental has continuously, regularly, purposively, and systematically engaged in a course of business and has otherwise been present within New York State, and has therefore availed itself of the legal

privileges of doing business within New York, by, *inter alia*, maintaining, possessing, and operating offices within New York, selling mortgage-relate financial goods and services within New York to New York residents and others, and entering into employee agreements with individuals (including loan officers) within New York to provide employment services at is New York offices. Intercontinental has been the agent of Defendants Steinberg, Bobroy, and DiMisa, Tuzzo, and Lulgjuraj (hereinafter collectively the "individual Defendants") with respect to the foregoing acts because those acts were performed or undertaken with the knowledge and consent of the individual Defendants and for their benefit, and the individual Defendants have exercised control over Intercontinental in its performance and undertaking of such acts.

(b)     The statutory violations alleged herein involving the Plaintiffs and the similarly situated loan officers have arisen directly from and are substantially related to Intercontinental's transacting of business and contracting within New York. Namely, as explained *inter alia*, Intercontinental contracted with, employed, and otherwise did business with plaintiffs and the similarly situated loan officers at Intercontinental's New York offices. Intercontinental has been the agent of the individual Defendants with respect to the foregoing acts because those acts were performed or undertaken with the knowledge and consent of the individual Defendants and for their benefit, and the individual Defendants have

7

exercised control over Intercontinental in its performance and undertaking of such acts.

(c)     Intercontinental and the individual Defendants have committed the statutory violations alleged herein involving the Plaintiffs and the similarly situated loan officers who have worked at Intercontinental's New York offices and have caused such loan officers to suffer lost wages and other harm, and reasonably should have expected them to suffer such harm, within New York.   Intercontinental has also regularly done and solicited business within New York and derived substantial revenue from goods used and consumed, and services rendered, within New York. Intercontinental has further possessed real property within New York and has derived substantial revenue from interstate commerce. Intercontinental has been the agent of the individual Defendants with respect to the foregoing acts because those acts were performed or undertaken with the knowledge and consent of the individual Defendants and for their benefit, and the individual Defendants have exercised control over Intercontinental in its performance and undertaking of such acts.

## FACTS

38.     Defendant Intercontinental is a FHA approved and licensed direct mortgage lender and broker that has been operating in the mortgage business in the State of New York and elsewhere.

39.     The Plaintiffs and all other similarly situated persons are loan officers who are or were formerly employed by Intercontinental in New York or elsewhere.

8

40.   All loan officers employed by Intercontinental during the statutory period had essentially the same job duties.

41.   The primary duty of the Plaintiffs was to solicit mortgage loans in the State of New York and in all other places where Intercontinental was a licensed mortgage broker.

42.   Defendants managed Plaintiffs' and other similarly situated loan officers' employment, including the amount of overtime worked. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

43.   As per Defendants' wage and hour practices and policies, the Plaintiffs and all other similarly situated loan officers did not receive a weekly guaranteed salary of $455.00.

44.   At all relevant times, the Plaintiffs and all other similarly situated loan officers have routinely worked in excess of 40 hours per week, but have not received overtime compensation. The Plaintiffs and the similarly situated loan officers were required to arrive early, work late, and work on weekends without overtime compensation.

45.   The Plaintiffs and all the similarly situated loan officers were not properly paid overtime for hours worked in excess of 40 per week.

46.   During the statutory period, the Plaintiffs and similarly situated loan officers routinely worked hours for which they were not paid the minimum wage.

47.   Neither the Plaintiffs nor the similarly situated loan officers were required to record their time worked and Defendants failed to maintain accurate time records as required by the FLSA and the New York Labor Articles.

## GENERAL ALLEGATIONS

48.     The Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

49.     Plaintiffs, individually, and on behalf of all similarly situated current and former employees of Intercontinental, including its subsidiaries and affiliated companies, brings this action as a national collective action under the FLSA to recover, *inter alia*, unpaid minimum wages and overtime compensation and statutory penalties owed to the Plaintiffs and all other similarly situated loan employees employed by Intercontinental, including its subsidiaries and affiliated companies.

50.     Defendants' failure to pay the Plaintiffs and all other similarly situated employees' minimum wages generally and/or overtime compensation when these employees worked in excess of 40 hours per week has violated the FLSA and the New York Labor Articles.

51.     Defendants have failed to pay minimum wages and/or overtime compensation to the Plaintiffs and other similarly situated loan officer during their employment by intentionally, willfully, and improperly designating the position of loan officer as exempt from overtime requirements.

52.     As a result of this unlawful practice, the Plaintiffs and the similarly situated loan officers suffered a loss of wages.

## COLLECTIVE ACTION ALLEGATIONS

53.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

10

54.     Plaintiffs seek to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and the following class of persons:

All loan officers who worked at Intercontinental Capital Group, Inc. at any time from three years prior to the filing of this action to the entry of judgment in this action who give their consent, in writing, to become party plaintiffs (hereinafter the "FLSA Class").

55.     Plaintiffs and other members of the FLSA Class are similarly situated inasmuch as, *inter alia*, they have all had similar duties, performed similar tasks, been subjected to the same requirements under the FLSA to be paid overtime wages unless properly exempted thereunder, been subjected to similar pay plans, been required to work and have worked in excess of 40 hours per week, and have not been remitted overtime compensation for all overtime hours worked.

56.     Defendants have encouraged, permitted, and required the Plaintiffs and the similarly situated loan officers to work more than 40 hours per week without providing overtime compensation.

57.     Defendants have known that the Plaintiffs and the similarly situated loan officers have performed work that has required overtime compensation. Nonetheless, Defendants have operated under a scheme to deprive the Plaintiffs and the other members of the FLSA Class of overtime compensation by failing to properly compensate them for all time worked.

58.     Defendants' conduct, as alleged herein, has been willful and has caused significant damage to the Plaintiffs and the similarly situated loan officers.

11

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. §201 ET SEQ.
#### FAILURE TO PAY MINIMUM WAGES

59.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

60.    The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

61.    Defendants routinely and regularly failed to pay class members the applicable minimum wage, in violation of 29 U.S.C. §206(a).

62.    As a result of Defendants' unlawful practices, Plaintiffs suffered a loss of wages.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. §201 ET SEQ.
#### FAILURE TO COMPENSATE FOR OVERTIME

63.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

64.    The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

12

65.     Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant Intercontinental is an enterprise engaged in commerce and its employees are engaged in commerce.

66.     At all times relevant to this action, the Plaintiffs and the similarly situated loan officers have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

67.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

68.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay the FLSA collective action plaintiffs overtime compensation as required by the FLSA.

69.     Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA. However, none of the Section 13 exemptions apply to the Plaintiffs or the similarly situated loan officers because, *inter alia,* they have not been paid a guaranteed salary of at least $455.00 per week and have not otherwise met the requirements for coverage under the exemptions.

70.     The Plaintiffs and the similarly situated loan officers are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all members of the FLSA collective action and has deprived them of overtime compensation.

71.    Upon information and belief, in the course of perpetrating these unlawful practices, Defendants have willfully failed to keep accurate records of all hours worked by the FLSA Class loan officers.

72.    Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA. Defendants have not acted in good faith with respect to the conduct alleged herein.

## STATE-WIDE CLASS ALLEGATIONS

73.    The Plaintiffs also seek to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of themselves individually and all other similarly situated employees who, during the relevant statute of limitations period, have worked as loan officers at any of Intercontinental's offices in New York, with respect to the claims pleaded in Count III and Count IV of this Complaint.

74.    Fed. R. Civ. P. 23(b)(3) provides that a cause of action may be maintained as a class action if the following elements are met:

(a)    The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

(b)    There are questions of law or fact common to the class which predominate over and questions affecting only individual members;

(c)    The claims or defenses of the representative parties are typical of the claims or defenses of the class;

14

(d)     The representative parties will fairly and adequately protect the interests of the class; and

(e)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**Class Definitions**

75.     Plaintiffs seek certification of a class consisting of the following individuals:

All persons who have worked as loan officers at Intercontinental, at any of Intercontinental's offices within the State of New York, at any time from six years prior to the filing of this Action to the entry of judgment in this Action (hereinafter the "New York Class").

**Numerosity**

76.     Plaintiffs satisfy the numerosity requirements, as the proposed class consists of all loan officers presently or formerly in the employ of Intercontinental, a mortgage company with hundreds of employees. Therefore, the class is so numerous that joinder of all members is impracticable.

77.     The proposed class can be identified and located using Intercontinental's payroll and personnel records. Class members may be informed of the pendency of this action by direct mail and/or published and broadcast notice.

**Common Questions of Fact or Law**

78.     There are questions of fact and law, common to each class member, which predominate over any questions affecting only individual members. The questions of fact and law common to each class member arising from Defendants' actions include, but are not limited to, the following:

(a)     Whether the class members have qualified for exempt status;

(b)     Whether Defendants conducted an analysis of class members' compensation before failing to pay them overtime compensation;

(c)     Whether Defendants conducted an analysis of class members' duties and tasks before failing to pay them overtime;

(d)     Whether loan officers have been uniformly classified as exempt from overtime requirements;

(e)     Whether loan officers have been uniformly denied minimum wage payments;

(f)     Whether Intercontinental has routinely breached its Employee Agreements with its loan officers;

(g)     Whether Plaintiff and class members have regularly worked in excess of 40 hours per week;

(h)     Whether Plaintiff and class member have been expected or required to work in excess of 40 hours per week;

(i)     Whether Defendants' policies or practices have violated the overtime provisions of the New York Labor Articles;

(j)     Whether Defendants' failure to pay overtime has been willful;

(k)     Whether Defendants' failure to pay loan officers the minimum wage has been willful;

(l)     Whether Plaintiff and members of the class have suffered damages, along with what the proper remedy for those damages might be;

79.     The questions set forth above predominate over any questions affecting only individual persons.  With respect to considerations of consistency, economy,

16

efficiency, fairness, and equity, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Typicality

78.   Plaintiffs' claims are typical of the claims of the class members. As a result of Defendants' unlawful conduct, Plaintiffs suffered similar injuries as those suffered by other members of the respective class he seeks to represent.

### Adequacy

79.   Plaintiffs are adequate representatives of the class they seek to represent because they are members of such class, and their interests do not conflict with the interests of the members of the class they seek to represent. The interests of the class members will be fairly and adequately protected by Plaintiffs and their undersigned counsel. Plaintiffs have hired competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

### Superiority

80.   A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

81.   Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims.

82.    The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class member to protect their interests.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR ARTICLES 6 AND 19**
**AND NYCRR §§138-2.1 and 142-2.4 *ET SEQ*.**
**FAILURE TO PAY MINIMUM WAGES UNDER NEW YORK LABOR LAW**

83.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

84.    At all times relevant to this Action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

85.    Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652.  As a result of Defendants' unlawful practices, Plaintiffs have suffered a loss of wages.

86.    Defendants willfully failed to pay Plaintiffs pursuant to NYCRR section 142-2.4.  As a result, the Plaintiffs have suffered a loss of wages.

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR ARTICLE 6 AND 19**
**AND NYCRR §§138-2.1 *ET SEQ*.**
**FAILURE TO PAY OVERTIME UNDER NEW YORK LABOR LAW**

87.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

88.    At all times relevant to this Action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

89.    Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA.  12 NYCRR §142-2.2.

90.    By the above-alleged conduct, Defendants have failed to pay members of the New York Class, overtime compensation as required by the New York Labor Articles.

91.    Plaintiffs and the other members of the New York Class were and are not exempt from the overtime provisions of the New York Labor Articles, because they have not met the requirements for any of the reduced number of exemptions available under New York law.

92.    Plaintiffs and the other members of the New York Class are victims of a uniform company-wide compensation policy.  This uniform policy, in violation of the New York Labor Articles, has been applied to all member of the New York Class and has deprived them of overtime compensation.

93.    Upon information and belief, in the course of perpetrating these unlawful policies or practices, Defendants have willfully failed to keep accurate records of all hours worked by loan officers in violation of the New York Labor Articles.

94.    Defendants have acted willfully and have either known that their conduct violated the New York Labor Articles or have shown reckless disregard for the matter of whether their conduct violated the New York Labor Articles.  Defendants have not acted in good faith with respect to the conduct alleged herein.

### COUNT V
### VIOLATION OF THE NEW YORK LABOR LAW SECTIONS 191 AND 198

95.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

19

96.     That the Defendants stopped paying the Plaintiffs, Morano, Samtani, O'Keefe, Boodram, Yurkovich, Ricciardi, Puccio, and Lasacco earned commissions from loans that they worked on and closed while they were employees of the Defendants.

97.     That the Plaintiffs demand an accounting for all commissions earned by them and not paid by the Defendants.

98.     That each Plaintiff has been damaged in a sum of not less than $50,000.00.

99.     By virtue of the Defendants' violation of the New York State Labor Law, each Plaintiff is entitled to recover from the Defendants all unpaid commissions and all monies due and owing to them in an amount of not less than $50,000.00 for each Plaintiff.

100.    By virtue of the Defendants' willful conduct, the Defendants are required to pay liquidated damages in an amount equal to 25% of the total amount of wages due to Morano, Samtani, O'Keefe, Boodram, Yurkovich, Ricciardi, Puccio, and Lasacco.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs request a trial by jury on their claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, the Law Offices of Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiffs and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiffs and all others similarly situated for the nature, extent, and duration of the damages, costs of this Action, and as follows:

A.  Order the Defendants to file with this Court and furnish to counsel a list of all names and addresses of all loan officers who currently work for or who have worked for Defendants within the last three years;

B.  Authorize Plaintiffs' counsel to issue a notice at the earliest possible time to all current and former loan officers employed by the Defendants during the three years immediately preceding this Action, informing them that this Action has been filed, of the nature of the Action, and of their right to opt into this lawsuit if they were not paid minimum wage or if they worked in excess of 40 hours in a week during the liability period, for which there were not paid the FLSA-required overtime;

C.  Authorize Plaintiffs to certify their claims under the state law of New York;

D.  Declare and find that the Defendants committed one or more of the following acts:

1.  Violated provisions of the FLSA by failing to pay minimum wages or overtime wages to Plaintiff and similarly situated persons who opt into this Action;

2.  Willfully violated minimum wage and overtime provisions of the FLSA;

3.  Violated the provisions of the NYLL by failing to pay minimum wages, spread of hours pay, and overtime wages to Plaintiff and all class members;

4.  Willfully violated the minimum wage and overtime provisions of the NYLL;

E.   Award compensatory damages, including all minimum wage and

overtime compensation owed, in an amount according to proof;

F.   Award interest on all overtime compensation due accruing from

the date such amounts were due;

G.   Award all costs, attorney's fees incurred in prosecuting this action

as well as liquidated damages under the FLSA; Plaintiffs do not

seek liquidated damages under the NYLL.

H.   Grant leave to add additional plaintiffs by motion, the filing of

written consent forms, or any other method approved by the Court;

and

I.   Provide such further relief as the Court deems just and equitable.

Dated: February 26, 2010
       Westbury, New York

Law Offices of Neil H. Greenberg & Associates, P.C.
Attorneys for the Plaintiffs
By: Neil H. Greenberg, Esq. (NG 1307)
900 Merchants Concourse, Suite 314
Westbury, New York 11590
(516) 228-5100

22

Exhibit A

# INTERCONTINENTAL CAPITAL GROUP, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join a lawsuit against Intercontinental Capital Group, Inc. and its shareholders as a Plaintiff pursuant to 29 U.S.C. section 216(b), to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. section 201 et seq. and any applicable state laws.

I hereby designate both Neil H. Greenberg & Assoc. P.C. and Gordon Law Group, LLP to represent me in this suit. I understand that this form may be filed with the court in order to include me in the lawsuit.

Dated: _2/16/2010_

_M. Boodram_
(signature here)

_Mariam Boodram_
(print name here)

Print address here: _36 Rosedale Road_

_North Woodmere, NY_

_11581_

**Exhibit B**

## INTERCONTINENTAL CAPITAL GROUP, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join a lawsuit against Intercontinental Capital Group, Inc. and its shareholders as a Plaintiff pursuant to 29 U.S.C. section 216(b), to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. section 201 et seq. and any applicable state laws.

I hereby designate both Neil H. Greenberg & Assoc. P.C. and Gordon Law Group, LLP to represent me in this suit. I understand that this form may be filed with the court in order to include me in the lawsuit.

Dated: 2/16/10

_____
(signature here)

Jeremy LaSacco
(print name here)

Print address here: 4 Anderson Ave
Monroe, NJ 08831

_____

**Exhibit C**

**INTERCONTINENTAL CAPITAL GROUP, INC.**

**PLAINTIFF CONSENT FORM**

I hereby consent to join a lawsuit against Intercontinental Capital Group, Inc. and its shareholders as a Plaintiff pursuant to 29 U.S.C. section 216(b), to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. section 201 et seq. and any applicable state laws.

I hereby designate both Neil H. Greenberg & Assoc. P.C. and Gordon Law Group, LLP to represent me in this suit. I understand that this form may be filed with the court in order to include me in the lawsuit.

Dated: _2/16/10_

_____
(signature here)

Judi Ricciardi
(print name here)

Print address here: _19 7th St_
                    _Bayville NY 11709_

**Exhibit D**

## INTERCONTINENTAL CAPITAL GROUP, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join a lawsuit against Intercontinental Capital Group, Inc. and its shareholders as a Plaintiff pursuant to 29 U.S.C. section 216(b), to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. section 201 et seq. and any applicable state laws.

I hereby designate both Neil H. Greenberg & Assoc. P.C. and Gordon Law Group, LLP to represent me in this suit. I understand that this form may be filed with the court in order to include me in the lawsuit.

Dated: _2/16/10_

_____
(signature here)

_KYLE  O'KEEFE_
(print name here)

Print address here: _963  PUTNAM  AVE,_

_MERRICK, NY  11566_

_____

Exhibit E

# INTERCONTINENTAL CAPITAL GROUP, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join a lawsuit against Intercontinental Capital Group, Inc. and its shareholders as a Plaintiff pursuant to 29 U.S.C. section 216(b), to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. section 201 et seq. and any applicable state laws.

I hereby designate both Neil H. Greenberg & Assoc. P.C. and Gordon Law Group, LLP to represent me in this suit. I understand that this form may be filed with the court in order to include me in the lawsuit.

Dated: 2/16/2010

_____
(signature here)

Jason Morano
(print name here)

Print address here: 53 Hawthorne St.

Selden NY 11784

Exhibit F

2010-02-17 12:31         >>         Fax Server         P 3/3

# INTERCONTINENTAL CAPITAL GROUP, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join a lawsuit against Intercontinental Capital Group, Inc. and its shareholders as a Plaintiff pursuant to 29 U.S.C. section 216(b), to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. section 201 et seq. and any applicable state laws.

I hereby designate both Neil H. Greenberg & Assoc. P.C. and Gordon Law Group, LLP to represent me in this suit. I understand that this form may be filed with the court in order to include me in the lawsuit.

Dated: 2/16/10

_____
(signature here)

John Yurkovich
(print name here)

Print address here:  34 Bramble La.

Matawan, NJ 07747

_____

**Exhibit G**

# INTERCONTINENTAL CAPITAL GROUP, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join a lawsuit against Intercontinental Capital Group, Inc. and its shareholders as a Plaintiff pursuant to 29 U.S.C. section 216(b), to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. section 201 et seq, and any applicable state laws.

I hereby designate both Neil H. Greenberg & Assoc. P.C. and Gordon Law Group, LLP to represent me in this suit. I understand that this form may be filed with the court in order to include me in the lawsuit.

Dated: ___02/16/2010___

_____
(signature here)

___AVIN SAMTANI___
(print name here)

Print address here: __9W 31st, Apt 33B__

__NY, NY 10001__

_____

**Exhibit H**

# INTERCONTINENTAL CAPITAL GROUP, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join a lawsuit against Intercontinental Capital Group, Inc. and its shareholders as a Plaintiff pursuant to 29 U.S.C. section 216(b), to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. section 201 et seq, and any applicable state laws.

I hereby designate both Neil H. Greenberg & Assoc. P.C. and Gordon Law Group, LLP to represent me in this suit. I understand that this form may be filed with the court in order to include me in the lawsuit.

Dated: _2/16/2010_

_____
(signature here)

_Matthew Piccic_____
(print name here)

Print address here: _581 Bay Ridge Pkwy_

_1st Fl_____

_Brooklyn, NY 11209_____