```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
JASON MORANO, et al.,               :    10 Civ. 2192 (KBF)(JCF)
                                    :
                  Plaintiffs,       :    ORDER
                                    :
        -v-                         :
                                    :
INTERCONTINENTAL CAPITAL GROUP, INC.,:
et al.,                             :
                                    :
                  Defendants.       :
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: OCT 01 2012

KATHERINE B. FORREST, District Judge:

On September 5, 2012, it was reported to the Court that the parties in the above-captioned action had reached a settlement and sought to voluntarily dismiss the action. Because stipulated settlements in an action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., must be approved by the Court in the absence of the direct supervision of the Secretary of Labor, see D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114 (1946); Manning v. New York Univ., No. 98 Civ. 3300, 2001 WL 963982, at *11-12 (S.D.N.Y. Aug. 22, 2001), the Court ordered the parties to submit a copy of the settlement for review and approval, as well as a letter explaining why the settlement should be approved.

(Dkt. No. 172.)  The Court received a joint submission for <u>in camera</u> review on September 28, 2012.[1]

In the instant action, the parties, represented by counsel, seek to avoid the uncertainty of a trial in this FLSA action and thus, have reached a settlement whereby plaintiffs have released their claims in exchange for, <u>inter alia</u>, defendants providing a monetary sum, half of which is allocated to each plaintiffs claim for unpaid wages and the other half, allocated to the liquidated damages claim.

After reviewing the joint application and the terms of the settlement agreement, and given the dispute between the parties regarding the merits of plaintiffs' claims, the uncertainty of a trial, and the fact that the settlement was reached pursuant to arm's length negotiations, the Court finds that the settlement agreed to in this action is fair and reasonable. See <u>Maywalt v. Parker & Parsley Petroleum Co.</u>, 67 F.3d 1072, 1079 (2d Cir. 1998) (approval of settlement is a matter of discretion for the district court); <u>Clark v. Echolab, Inc.</u>, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) ("In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to

---

[1] Because the terms of the settlement are confidential, the settlement agreement will be filed under seal at the parties' request. See <u>Medley v. Am. Cancer Soc'y</u>, No. 10 Civ. 3214, 2010 WL 3000028, at *1 n.1 (S.D.N.Y. July 23, 2010).

assess the potential risks and rewards of litigation . . ." (quotations omitted)). Accordingly, it is hereby

ORDERED that the settlement is judicially approved and this case is DISMISSED.

The Court will retain jurisdiction to determine the motion for attorney's fees in this action only.

The Clerk of the Court is directed to terminate this action.

SO ORDERED:

Dated:   New York, New York
         October  1 , 2012

                                          _____
                                                KATHERINE B. FORREST
                                             United States District Judge